· SAMUEL WALTON ET AL *v.* JESSIE YOUNG'S EX'R. ET AL.

**Landlord and Tenant—Lease for Rent.**
    A lease providing, "to have the whole tract free of rent for first year, said Walton to build a hayshed, press, stables, etc., upon the place, after he has built the shed, etc., and the land sown in grass, I am to allow him half the hay crop and all the other," is held to mean that the erection of buildings, etc., was to be done the first year, in which rent was to be free.

**Same—Damages.**
    Upon failure of tenant to make the contemplated improvements, sow the grass, the lessor would have a right to damages for non-performance.

**Continuance—New Evidence.**
    A defendant, upon taking the deposition of a witness, as to one ground of his defense, is not entitled to a continuance to enable him to further examine the witness as to other matters.

APPEAL FROM HARDIN CIRCUIT COURT.

April 19, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

After describing the land leased and the time the lease was to run, in the writing executed by the appellees' testator and under which appellant entered on the farm. This language is used: "Said Walton is to have the whole tract free of rent the first year, he is to build a hay shed, and press, stables, and other out-buildings, upon the place, after he has built the shed etc., and the land sown in grass, I am to allow him one-third the hay crop, and all

the other." The fair, and rational interpretation of which is that the hay shed, press, and other buildings named were to be erected during the first year, that was the only year, according to the terms of the writing, that he was to have the tract without paying rent, and after the buildings named, were erected, and the land sown in grass, testator was to have half the hay crop, one year was allowed for these necessary preparations, during which no rent was to be paid, but within that period they were to be completed, so that the contemplated profits should begin to be realized, this seems to be the irresistable conclusion from the language, and structure of the sentence.

The hay crops were, in the contemplation of the parties, the sources from which their profits, or rather those to which testator looked for remuneration for the use of his lands, and for the profits, and although according to the proper construction, the lease required appellant to have the land, or as much as could be reasonably sowed, in a condition to yield a crop the second year, yet at the close of that year, but little if any more of the land had been put in grass, than was in, when appellant entered, for some of the witnesses prove he broke up some of the grass land, and none of the buildings required by the agreement to be erected, have been completed, except a stable, none other had been commenced, and much of the land had been cultivated in corn both years; and for this failure on the part of appellant to comply, appellees had a right to seek legal redress.

The conduct of appellant immediately after the execution of the process in this case, and before, evidence an intention on his part, to place his property beyond the reach of his creditors; he contracted for a farm and had the conveyance made to his wife, under the pretext that she had means, which were to be applied to the payment therefor. He contracted to sell the lease to persons who had little, or no estate, and failed to prove that his wife had one dollar from any source to be applied to the payment for the land, the attachment was therefore properly sustained.

Nor do we think the court below erred in refusing to continue the cause on motion of appellant for the purpose of taking Montgomery's deposition, he was in court and appellees' agreed he might write out his own statement, of the quantity of cleared land and they would admit it as evidence, that being then the only ground stated, he wrote it out, and it was read as evidence, but

after that was done he applied to continue the cause to prove by the same witness, that it would take two years to get the farm set in grass and that motion was overruled and properly, it was too late then; he should have stated both grounds at once.

There was some conflict in the evidence as to the value of the rent, and of the improvements made by appellant on the land; but from all the facts proved, and the failure of appellant to make such improvements, and to put the farm in a condition to produce the crops contemplated, and provided for, or to have them in such state of forwardness as good faith required, the recovery does not seem to be too great.

Wherefore the judgment is *affirmed*.

*Shean, Wintersmith, for appellant.*

*Cofer & Marriott, Brown & Murray, for appellees.*